# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Timothy Coppedge, ) | Civil Action No.: 3:21-cv-00625-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Blue Cross Blue Shield of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Timothy Coppedge filed the instant declaratory judgment action against Defendant Blue Cross Blue Shield of South Carolina ("BCBSSC") seeking a declaration that because the "Intoxication or Drug Use" Exclusion used to deny coverage of Plaintiff's medical expenses is illegal pursuant to S.C. Code Ann. § 38-71-380 (West 2022), BCBSSC is obligated to pay claims for services rendered to Plaintiff pursuant to a group health insurance plan (the "Plan") offered by his employer. (*See* ECF No. 1-1 at 10 ¶ 40–11 ¶ 45.) Additionally, Plaintiff seeks monetary damages for state law claims for breach of contract and bad faith failure to pay insurance claims. (*Id.* at 11 ¶ 46–12 ¶ 56 (referencing ECF No. 1-1 at 16–134).)

This matter is before the court on BCBSSC's Motion in support of ERISA Preemption (ECF No. 10) in which it asserts that all of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. (ECF No. 10 at 1.) In response, Plaintiff asserts that he is willing to proceed under ERISA's civil enforcement provision, *i.e.*, 29 U.S.C. § 1132(a), only after the court declares that § 38-71-380 is applicable to the Plan. (ECF No. 13 at 11.) For the reasons set forth below, the court **GRANTS** Defendant's Motion in support of ERISA Preemption. (ECF No. 10.)

I.      BACKGROUND TO PENDING MOTION

According to the parties, Plaintiff was an employee of a company named Engine Power Source, Inc. (*See, e.g.*, ECF Nos. 1 at 1–2, 13 at 2.) While employed by Engine Power Source, Plaintiff alleges that he enrolled in the Plan, and it was in effect "from at least October 2019 through December 2019." (ECF No. 1-1 at 6 ¶ 7.)

On October 18, 2019, Plaintiff suffered severe injuries while hunting when he fell out of his deer stand. (*Id.* at 7 ¶¶ 13–15.) Plaintiff alleges that due to his injuries, he required extensive medical treatment which he underwent in October and November of 2019. (*Id.* 7 ¶ 16–8 ¶ 19.) Plaintiff further alleges that when medical service providers filed claims with BCBSSC for payment of services rendered, BCBSSC denied payment citing a lack of coverage due to an exclusion based on the conclusion that Plaintiff's injuries were caused by his intoxication.[1] (*Id.* at 8 ¶ 24–9 ¶¶ 27, 30–31, 33 (referencing ECF No. 1-1 at 82).) Plaintiff then asserts that he administratively appealed the denial without success. (*Id.* ¶¶ 28, 29.) As a result of the denial of benefits under the Plan, Plaintiff alleges that he has medical bills in excess of $357,425.09 and has foregone recommended physical therapy. (*Id.* at 8 ¶¶ 22, 23, 9 ¶ 32.)

After allegedly exhausting remaining administrative remedies (*see* ECF No. 13 at 3 n.5), Plaintiff filed an action for declaratory judgment, breach of contract, and bad faith failure to pay

---

[1] The specific language of the "Intoxication or Drug Use" Exclusion is as follows:

> Any service (other than Substance Use Disorder Services), Medical Supplies, charges or losses resulting from a Member being Legally Intoxicated or under the influence of any drug or other substance, or taking some action the purpose of which is to create a euphoric state or alter consciousness. The Member, or Member's representative, must provide any available test results showing blood alcohol and/or drug/substance levels upon request by the Corporation. If the Member refuses to provide these test results, no benefits will be provided.

(ECF No. 1-1 at 82.)

insurance claims in the Richland County (South Carolina) Court of Common Pleas on February 2, 2021.  (ECF No. 1-1.)  BCBSSC removed the case to this court on March 3, 2021, asserting federal subject matter jurisdiction based on the status of the Plan as "an employee welfare benefit plan under ERISA."  (ECF No. 1 at 2–3 ¶ 5.)  On March 24, 2021, BCBSSC filed the pending Motion in support of ERISA Preemption.  (ECF No. 10.)  Thereafter, the parties responded and replied to this Motion.  (*See* ECF Nos. 13, 14.)

## II.     JURISDICTION

"[D]istrict courts have original jurisdiction over cases governed by ERISA, and claims brought in state court concerning qualifying employee benefit plans are removable to federal court."  *Zell for Estate of Zell v. Neves*, 423 F. Supp. 3d 231, 236–37 (D.S.C. 2019) (citing 29 U.S.C. § 1001, *et seq*; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987)).  This court has jurisdiction over Plaintiff's state law claims based on supplemental jurisdiction since they are "so related to claims in the action within such original jurisdiction that . . . it form[s] part of the same case or controversy . . . ."  28 U.S.C. § 1367(a).

## III.    LEGAL STANDARD

"ERISA sets out a comprehensive system for the federal regulation of private employee benefit plans, . . . ."  *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992).  ERISA defines a benefit plan as:

> Any plan, fund, or program which was heretofore or is hereinafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical, or hospital care or benefits . . .

29 U.S.C. § 1002(a).  "Subject to certain exemptions, ERISA applies generally to all employee benefit plans sponsored by an employer or employee organization."  *District of Columbia*, 506

3

U.S. at 127 (citing 29 U.S.C. § 1003(a)).

To ensure that federal regulation of covered plans will be exclusive, ERISA contains a specific preemption clause which states: "[e]xcept as provided in subsection (b) of this section, the provisions of [ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "A 'state law' includes 'all . . . decisions . . . of any State'. . . . Thus, in appropriate circumstances, state common law claims fall within the category of state laws subject to ERISA preemption." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (quoting 29 U.S.C. § 1144(c)(1)). "A [state] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–98 (1983) (footnote omitted) (stating that Congress used the words "relate to" in their "broad sense").

"In determining whether ERISA preempts a plaintiff's state law claims, the primary consideration . . . requires applying the test the Fourth Circuit has adopted for determining whether ERISA completely preempts a state law claim." *Hendrix v. Res. Real Estate Mgmt., Inc.*, 170 F. Supp. 3d 879, 887 (D.S.C. 2016) (citing *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003) (adopting the Court of Appeals for the Seventh Circuit's test for determining ERISA preemption); *Tucci v. First Unum Life Ins. Co.*, 446 F. Supp. 2d 473 (D.S.C. 2006) (considering *Sonoco* in the context of a long-term disability insurance plan)). "[T]he test sets forth three requirements to establish complete preemption:"

> (1) the plaintiff must have standing under [ERISA] § 502(a) to pursue its claim; (2) its claim must fall[] within the scope of an ERISA provision that [it] can enforce via § 502(a); and (3) the claim must not be capable of resolution without an interpretation of the contract governed by federal law, *i.e.*, an ERISA-governed employee benefit plan.

*Hendrix*, 170 F.3d at 887 (quoting *Sonoco*, 338 F. 3d at 372).

## IV.  ANALYSIS

A.  The Parties' Arguments

BCBSSC argues that Plaintiff's claims are completely preempted by ERISA because (1) he has standing under 29 U.S.C. § 1132(a) as a participant under the Plan to pursue his claims; (2) Plaintiff's claims for declaratory relief and monetary benefits fall within the scope of an ERISA provision that Plaintiff can enforce via 29 U.S.C. § 1132(a)(1)(B) of ERISA; and (3) the resolution of Plaintiff's claims requires interpretation of the Plan, which indisputably qualifies as an ERISA-governed employee benefit plan.  (ECF No. 10 at 5–8 (citing, *e.g.*, *Sonoco*, 338 F.3d at 371).) BCBSSC further argues that the court need not consider application of S.C. Code Ann. § 38-71-380 under the ERISA Savings Clause in 29 U.S.C. § 1144(b)(2)(A) because that South Carolina statute is inapplicable to group health insurance plans.  (ECF No. 10 at 8–13 (analyzing statutory construction using plain and ordinary meaning, legislative scheme, and in the context of the South Carolina Department of Insurance).)   Finally, even if the court applied § 38-71-380 to the Plan, BCBSSC asserts that Plaintiff's state law claims are still preempted by ERISA.  (ECF No. 10 at 13–14 (citations omitted).)

In his Response in Opposition to Defendant's Motion in support of ERISA Preemption, Plaintiff agrees to proceed in accordance with ERISA's civil enforcement mechanism found in 29 U.S.C. § 1132(a), but only after the court engages in a statutory construction analysis and declares that § 38-71-380 applies to the Plan.  (ECF No. 13 at 4, 11.)  In this regard, Plaintiff asserts that "Defendant [BCBSSC] does not challenge that the Plan may be regulated by South Carolina law, nor does Defendant argue that ERISA prevents § 380's application [instead] Defendant's only argument as to why § 380 does not apply is a flawed statutory construction analysis contending that the provision is limited to individual policies and does not apply to group policies like the Plan."  (ECF No. 13 at 2.)

5

B.     The Court's Review

At the outset, the court observes that the parties do not appear to dispute that Plaintiff's substantive state claims for breach of contract and bad faith are subject to preemption under ERISA. (*E.g.*, ECF Nos. 13 at 4, 14 at 1.) The only remaining dispute is Plaintiff's request for a declaration regarding the applicability of § 38-71-380 to the Plan. (ECF No. 13 at 4.) Plaintiff asserts that the court should utilize the rules of statutory construction and find that § 38-71-380 applies to the Plan. (ECF No. 13 at 11.)

Upon its review, the court observes that logically if preemption is appropriate for the substantive state law claims based on satisfaction of the *Sonoco* requirements, it follows that the same basis for preemption would apply to the claim for declaratory judgment under state law. To this point, the court observes that Plaintiff does not provide any suggestion as to how his declaratory judgment request is unrelated to the Plan such that the court can ignore the finding of preemption regarding the other claims and determine whether § 38-71-380 is applicable to the Plan. *E.g.*, Fort *Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 8 (1987) ("We have held that the words 'relate to' should be construed expansively: . . ." (citing *Shaw*, 463 U.S. at 96–7)). In addressing a similar circumstance, the United States Court of Appeals for the Fourth Circuit found that when a party argues that a state law should "be applied to interpret a Plan even if the Plan's provisions themselves preempt state law," that argument should be rejected "for it would defeat the essential purpose of preemption: when ERISA preempts a state law, that law cannot be allowed by indirection to regulate the ERISA employee benefit plan in question." *Thompson v. Talquin Bldg. Prods. Co.*, 928 F.2d 649, 653 (4th Cir. 1991). The Fourth Circuit in *Thompson* cited to the following Supreme Court support for its decision:

6

> [T]o interpret the pre-emption clause to apply only to state laws dealing with the subject matters covered by ERISA, such as reporting, disclosure, and fiduciary duties, would be incompatible with the provision's legislative history because the House and Senate versions of the bill that became ERISA contained limited preemption clauses, applicable only to state laws relating to specific subjects covered by ERISA. These were rejected in favor of the present language in the Act, "indicat[ing] that the section's preemptive scope was as broad as its language."

*FMC Corp. v. Holliday*, 498 U.S. 52, 58–9 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983)).

In light of the foregoing, the court concludes that it should not conduct a statutory construction evaluation of § 38-71-380's applicability to the Plan because Plaintiff's claim for declaratory judgment is also subject to preemption under ERISA.

## V.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendant Blue Cross Blue Shield of South Carolina's Motion in support of ERISA Preemption (ECF No. 10) and finds that Plaintiff Timothy Coppedge's state law claims for declaratory judgment, breach of contract, and bad faith failure to pay insurance claims are preempted by ERISA.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 18, 2022
Columbia, South Carolina